UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| ALONZO DEWAYNE FRANKLIN, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No.: | 1:23-CV-282-TAV-SKL |
| HAMILTON COUNTY JAIL/SILVERDALE DETENTION CENTER, et al., | ) ) ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

On November 30, 2023, Plaintiff, a prisoner incarcerated in the Hamilton County Jail, filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. The same day, the Clerk mailed to Plaintiff's address of record a notice advising Plaintiff of this Court's Local Rule requiring him to update his address of record within fourteen (14) days of any change of address [Doc. 3]. But on December 18, 2023, the Clerk's notice was returned to the Court as undeliverable [Doc. 4]. Several months have passed since that event, and Plaintiff has not updated his address or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides

for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court's inability to communicate with Plaintiff is the result of his willfulness and fault, as he has failed to update his addressed as required by this Court's Local Rules. *See* E.D. Tenn. L.R. 83.13. Mail addressed to him has been returned to the Court, and he is not listed as a current inmate in the Hamilton County Sheriff's Office online database. *See* Hamilton County Sheriff's Office, *Inmate Info Online*, https://www.hcsheriff.gov/cor/iio/ (last visited Apr. 24, 2024) (search by last name). The Local Rules, which Plaintiff is to know and adhere to, expressly warn pro se plaintiffs that failure to keep their address updated could result in the dismissal of the case. *Id.*; *see also Fields v. Cnty. of Lapeer*, No. 99-2191, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000). And alternative sanctions are not warranted, as Plaintiff was proceeding pro se in this action and has not communicated with the Court since he filed his lawsuit in November 2023. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED**[1] the filing fee of $405.00, and this action will be **DISMISSED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint . . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).